

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

**GERALD C. MANN**
ATTORNEY GENERAL

Hon. Jack Wiech
County Attorney
Cameron County
Brownsville, Texas

Dear Sir:

Opinion No. O-854
Re: May the deputy in the branch office be
authorized to collect the 25¢ fee mention-
ed in Art. 7256 and retain the same as
his compensation to the extent of the max-
imum salary allowed him, or should he be
paid, as other deputies, out of the
Cameron County Officers' Salary Fund?
Which article is to be followed by the
commissioners' court of this county in
determining the salary or compensation
allowed such deputy?

Your request for an opinion upon the above stated ques-
tions has been received by this office.

Your letter reads in part as follows:

"The Assessor and Collector of Texas of Cameron
County, with the consent and approval of the Commis-
sioners' Court, maintains a branch office in Harlingen,
a city in Cameron County other than the county seat.
The city of Harlingen is located twenty-six miles from
Brownsville, the county seat, and a great volume of
business is handled by the deputy Assessor and Collect-
or of Taxes stationed in the branch office there. His
work consists mainly of collecting and issuing receipts
for property taxes, issuing poll tax receipts, register-
ing motor vehicles and issuing license plates therefor,
and receiving requests for property tax statements
which he refers to the main office in Brownsville.
According to the last Federal census, Cameron County
had a population of 77,540 inhabitants, and the city
of Harlingen had a population of 12,124 inhabitants.

The question has been raised by the Commissioners'
Court as to the method of compensation and the
amount that may be allowed the deputy in said branch
office. ..."

Article 7256, Revised Civil Statutes, as amended Acts
1937, 45th Leg., reads as follows:

"Each Assessor and Collector of Taxes shall
keep his office at the county seat of his county;
and it shall be the duty of every person who failed
to attend and to pay his taxes at the times and places
in his precinct named by the Assessor and Collector
of Taxes, as provided in the preceding Article, to
call at the office of the Assessor and Collector of
Taxes and pay the same before the last day of December
of the same year for which the assessment is made;
provided, however, that in all counties containing
a city or town, other than the county seat, which
has in excess of seven thousand (7,000) inhabitants
according to the last Federal Census, said Assessor
and Collector of Taxes, with the consent and approval
of the Commissioners' Court, may appoint a Deputy
Assessor and Collector of Texas in such town or
city, who shall have the right to collect taxes from
all persons who desire to pay their taxes to him,
and to issue a valid receipt therefor. Such Deputy
shall enter into such bond, payable to the County
Judge of the County as the Assessor and Collector
of Taxes and Commissioners' Court of the county may
require. From each person from whom said Deputy may
collect taxes and issue a receipt therefor, said
Deputy is authorized to receive a fee of not exceed-
ing twenty-five (25¢) cents when receipt issued
covers property taxes, and he shall receive no other
compensation for his services; and further provided
he shall not retain more than One Thousand Two Hundred
($1,200.00) Dollars for any one calendar year, and the
balance, if any, shall be deposited to the credit
of the General Fund of the county. The Assessor and
Collector of Taxes shall remain liable on his bonds
for all taxes collected by such Deputy and nothing
herein shall be construed as a limitation on the
liability of the bonds of either the Assessor and
Collector of Taxes or such Deputy. Provided further

that in all counties having a population of more than seventy thousand (70,000), according to the last preceding Federal Census, and containing one or more cities or towns, other than the county seat, each of which has in excess of one thousand (1,000) inhabitants, according to the last Federal Census, said Assessor and Collector of Taxes with the consent and approval of the Commissioners' Court may appoint a Deputy Assessor and Collector of Taxes in each such city or town, who shall have the right to collect taxes from all persons who desire to pay taxes to him and to issue a valid receipt therefor; each such Deputy shall enter into such bond, payable to the County Judge of the county as the Assessor and Collector of Taxes and Commissioners' Court of the county may require. The salary of each such Deputy Assessor and Collector of Taxes shall be fixed by the Commissioners' Court, and each such Deputy Assessor and Collector of Taxes shall be subject to all the terms and provisions of the law relating to Deputy Assessors and Collectors of Taxes, providing that the salaries fixed by the Commissioners' Court for such Deputies provided for herein, in such counties, shall not exceed Two Hundred ($200.00) Dollars annually for each one thousand (1,000) population, according to the last preceding Federal Census in each of such cities or towns, and further provided that the salary of either of such Deputy Assessor and Collector of Taxes shall not exceed One Thousand Two Hundred ($1,200.00) Dollars per year. The Assessor and Collector of Taxes shall remain liable on his bonds for all taxes collected by such Deputy, and nothing herein shall be construed as a limitation on the liability of the bonds of either the Assessor and Collector of Taxes or such Deputy."

Article 1605, Revised Civil Statutes, as amended Acts 1937, 45th Leg., reads in part as follows:

"... in all counties having a population of more than seventy-four thousand (74,000), according to the last Federal Census, and containing one or more cities or towns, other than the county seat, which has in excess of one thousand (1,000) inhabitants, according to the last Federal Census, said Tax Assessor and Collector with the consent and approval of the Commissioners' Court may maintain a branch office and may appoint a Deputy Tax Collector

in each such town or city, who shall have the right to collect taxes from all persons who desire to pay their taxes to him, and to issue a valid receipt therefor. Such Deputy shall enter into such bond, payable to the County Judge of the County, as the Tax Assessor and Collector and Commissioners' Court of the county may require. The period of time such branch offices shall be maintained, and the salary of such Deputy Collector and the period of time he shall hold such office shall be fixed by the Commissioners' Court and such Deputy Collector shall be subject to all of the terms and provisions of the law relating to Deputy Tax Collectors. ... Nothing contained herein shall be construed as making it mandatory upon the Assessor and Collector of Taxes and the Commissioners' Courts of such counties to maintain such branch offices and appoint such Deputies, but the establishment of such branch offices and the appointment shall wholly be within the discretion of the Commissioners' Courts of such counties. ..."

Article 3902, Revised Civil Statutes, sets out the procedure to be followed whenever any district, county or precinct officer shall require the services of deputies, assistants or clerks in the performance of his duties, and Section 4 of this Article reads as follows:

"In counties having a population of sixty thousand and one (60,001) and not more than one hundred thousand (100,000) inhabitants, first assistant or chief deputy not to exceed Twenty-four Hundred ($2400.00) Dollars per annum; other assistants, deputies or clerks not to exceed Twenty-one Hundred ($2100.00) Dollars per annum each."

Article 7256, Revised Civil Statutes, supra, provides that in all counties containing a city or town, other than the county seat, which has in excess of seven thousand inhabitants according to the last Federal Census, the Assessor and Collector of Taxes, with the consent and approval of the Commissioners' Court, may appoint a Deputy Assessor and Collector of Texas in such town or city, who shall have the right to collect taxes from all persons who desire to pay their taxes to him, and to issue a valid receipt therefor, and that such Deputy is authorized to receive a fee of not exceeding twenty-

five (25¢) cents when receipt issued covers property taxes, and that such Deputy shall receive no other compensation for his services, and that such Deputy shall not retain more than One Thousand Two Hundred ($1,200.00) Dollars for any one calendar year, and the balance, if any, shall be deposited to the credit of the General Fund of the county.

This portion of the statute applies to all counties containing a city or town, other than the county seat, which has in excess of seven thousand (7,000) inhabitants, whether the population of the county is more or less than seventy thousand (70,000).

Article 1605, Revised Civil Statutes, supra, became effective March 12, 1937, and Article 7256, supra, became effective March 31, 1937. Therefore, we are of the opinion that Article 7256 supercedes Article 1605, at least insofar as these Articles are applicable to the questions under consideration.

Article 3902, supra, is a general statute regarding Deputies, assistants, or clerks of any district, county, or precinct officer, and applies to all counties within the population brackets therein contained. Article 7256, supra, is a special statute, insofar as it pertains to Deputy Assessors and Collectors of taxes in all counties containing a town or city other than the county seat, which has in excess of seven thousand (7,000) inhabitants. It is an elimentary rule of construction that when a general and a special statute apply to the same thing, the special statute will prevail.

You are respectfully advised that it is the opinion of this Department that the Deputy Assessor and Collector of taxes in the branch office mentioned in your inquiry would be authorized to collect the twenty-five cent (25¢) fee mentioned in Article 7256, supra, and retain the same as his compensation for services rendered as Deputy Assessor and Collector of taxes in a city or town other than the county seat having a population in excess of seven thousand (7,000) inhabitants, such fees or compensations not to exceed $1,200.00 per annum.

Trusting that the foregoing answers your inquiry, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:pbp

APPROVED AUG 12, 1939

*Gerald C. Mann*

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY _____
CHAIRMAN